UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.E.L., a minor, by and through his parent and guardian ADRIANA LEON,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 15-cv-05095-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 5 |

J.E.L. is a disabled minor who alleges that the San Francisco Unified School District and its employees failed to protect him from harassment and bullying at the James Lick Middle School. Dkt. No. 1-1. Through his mother and guardian, J.E.L. sued defendants in the Superior Court for the County of San Francisco for negligence and violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and the California Education, Civil, and Government Codes. Defendants removed the case to this Court on federal question jurisdiction and seek to dismiss the complaint for failure to state a claim and other reasons. Dkt. Nos. 1, 5. The motion is denied for the most part, but the California Government Code Section 11135 claim is dismissed.

## BACKGROUND

As alleged in the complaint, J.E.L. suffers from speech and cognitive impairments, epilepsy, microcephaly, developmental delays and short physical stature. Dkt. 1-1, Exh. A. When he began middle school at James Lick, school personnel knew that he "had previously been bullied at Sanchez Elementary on account of his disabilities" and that he could not defend against bullying on his own. *Id.* ¶ 29. Because of prior incidents, J.E.L.'s parents requested that he be

assigned an aide at James Lick and that he always be supervised and not left alone when using the restroom.

During the 2013-2014 school year, R.M., another student at James Lick, started to harass J.E.L. R.M. called J.E.L. abusive names, followed him around school, and shoved and pushed him when they were unsupervised in restrooms or the locker room. The harassment took place on a daily basis in plain sight of teachers and an aide assigned to J.E.L., and continued after he complained to teachers and mentioned the incidents in writing projects. James Lick personnel did not investigate or report the bullying to J.E.L.'s parents. When J.E.L.'s parents found out about the harassment on a school visit in December 2013, the teachers and administrators acknowledged that it had occurred but downplayed its seriousness and said that J.E.L was being properly supervised. R.M. was reportedly given afterschool detention for bullying J.E.L.

After the winter break in January 2014, R.M. cornered J.E.L. in a school restroom, sat on him and attempted to force him to eat soap. J.E.L. alleges that he sustained a concussion and experienced post-traumatic stress and seizures. J.E.L.'s parents removed him from James Lick.

In the amended complaint, plaintiff alleges violations by the San Francisco Unified School District ("School District") of the Americans with Disabilities Act ("ADA," 42 U.S.C. § 12132), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), California Education Code Section 220, California Civil Code Sections 51 and 54, and California Government Code Section 11135. He also alleges negligence against the School District and its employees under California Government Code Sections 815.2 and 820. The amended complaint states that the Superior Court granted him relief from the presentment requirements of California Government Code Section 945.4 on August 5, 2015. Dkt. No. 1-1, Exh. A ¶ 7. The state court order notes that J.E.L. "presented an application to file a late claim" with the district, and allowed him to "file suit for his claim against the San Francisco Unified School District" within 30 days. Dkt. No. 1-1 at ECF 34. At oral argument, plaintiff gave the Court a copy of the presentment letter, which complains about the September 2013 to January 2014 bullying incidents and the response of each of the defendants. Plaintiff also confirmed at the hearing that the individual defendants were sued in their official capacity only.

2

**DISCUSSION**

**I.     STANDARDS**

Defendants move to dismiss the claims of the complaint on a variety of grounds. Dkt. No. 5. A complaint will survive a Rule 12(b)(6) motion to dismiss when it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss, the Court must assume that the plaintiff's factual allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But the Court will not "'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**II.    ADA AND REHABILITATION ACT CLAIMS**

In the amended complaint, plaintiff alleges that the School District discriminated against him and denied him equal access to educational benefits by acting with deliberate indifference to pervasive and offensive "peer disability harassment" in violation of the ADA. Dkt. No. 1-1, Exh. A, ¶¶ 68-70. Plaintiff also alleges a violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) based on the same conduct.

In defendants' view, these claims should be treated as alleged violations of plaintiff's free, appropriate public education ("FAPE") rights and the Individuals with Disabilities Education Act ("IDEA"). Defendants contend that parents who are unhappy with any matter relating to a child's education plan must exhaust administrative remedies before suing if they are seeking relief that is also available under IDEA. Dkt. No. 5 at 4-7. Because J.E.L. has not alleged that he first sought relief through the administrative process, defendants seek dismissal of these claims.

This theory is unavailing. Even accepting for the moment defendants' wholesale rewriting of plaintiff's claims, the Ninth Circuit has held that exhaustion generally should be raised in a summary judgment motion, unless failure to exhaust is clear from the face of the complaint.

*Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). *Albino* specifically stated that this procedure should be used in IDEA cases. *Id*. at 1171 (citing *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 881 (9th Cir. 2011) (en banc)). Defendants concede that the amended complaint does not clearly address exhaustion of the administrative process one way or the other. Dkt. No. 14 at 1. Consequently, the claims will not be dismissed at this pleading stage.

While that disposes of defendants' challenge to the federal claims, the Court notes that it is not clear that the remedies sought here trigger any need for IDEA exhaustion. Under *Payne*, exhaustion is required when "the genesis and the manifestations of the problem are educational." 653 F.3d at 875 (internal quotation omitted). Specifically, *Payne* requires exhaustion only when a plaintiff seeks (1) an IDEA remedy or equivalent, (2) prospective injunctive relief to alter educational placement, or (3) enforcement of rights due to denial of a free appropriate public education plan. *Id*. The remedies J.E.L. seeks do not fit into these categories. He asks that the School District stop engaging in and "develop policies and procedures for ending any such unlawful acts," like implementing related training programs for faculty, staff, and students, adopting guidelines for dealing with similar complaints, conducting diversity and tolerance assemblies, and hiring staff to monitor and maintain data on similar incidents. Dkt. No. 1-1 at ECF 29-30. This relief does not appear to implicate J.E.L.'s individual FAPE or education plan. If defendants seek to revisit the IDEA argument on summary judgment, they should be prepared to address this issue.

### III. CALIFORNIA STATE CLAIMS

#### A. Education Code § 220

Plaintiff has adequately alleged a violation of California Education Code § 220, which proscribes "discrimination on the basis of disability . . . in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid." The parties agree this section is only violated by behavior so "severe" and "pervasive" that it has a "'systemic effect of denying the victim equal access to an educational program or activity.'" *Donovan v. Poway Unified Sch. Dist.*, 167 Cal. App. 4th 567, 603 (2008) (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 652 (1999)). This standard

4

specifically means to limit "'the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment.'" *Id.* (quoting *Davis*, 526 U.S. at 653).

Plaintiff has alleged "severe" and "pervasive" peer harassment in excess of "a single instance." Specifically, he alleges offensive bullying by R.M. on a daily basis, in plain view of James Lick personnel, both before after school, over a five-month period from September 2013 to January 2014. He alleges R.M. regularly followed him around the school grounds and pushed and shoved him. The bullying escalated into a serious physical altercation in January 2014. The School District's alleged failure to check the ongoing offenses resulted in health consequences and post-traumatic fear, leading to J.E.L. being removed from James Lick and home schooled for the next year and a half, and resulting in the "systemic effect of denying" J.E.L. access to that educational activity. These allegations state a claim under Section 220.

Defendants' reply abandons their notice argument and effectively concedes that plaintiff has met the "actual notice" requirement for a Section 220 claim. *See Donovan,* 167 Cal. App. 4th at 605 (requiring "actual notice to the funding recipient, with an opportunity to take corrective action before a private action may lie").

### B.     Government Code § 11135

This claim is dismissed for failure to exhaust. While Government Code Section 11139 states that Section 11135 and any "regulations adopted pursuant to this article may be enforced by a civil action for equitable relief, which shall be independent of any other rights and remedies," without mention of exhaustion requirements, regulations implementing the section plainly refer to an exhaustion requirement. *See Comm. Concerning Cmty. Improvement v. City of Modesto*, No. CV-F-04-6121 REC/DLB, 2004 U.S. Dist. LEXIS 31022 at *40-41 (E.D. Cal. Dec. 28, 2004) (Section 11135 implemented by 22 Cal. Code Regs. §§ 98000 *et seq.*, which include an exhaustion requirement in Section 98003); *Santos v. Merritt Coll.*, No. C-07-5227 EMC, 2008 WL 2622792, at *3 (N.D. Cal. July 1, 2008) (Section 11135 claim subject to exhaustion requirement in 22 Cal. Code Regs. § 98003). Plaintiff has not alleged facts showing that he complied with Section 98003, and so the Section 11135 claim is dismissed.

### C. Civil Code §§ 51 and 54

Defendants' scattershot attack on the California Civil Code claims is unpersuasive. Defendants' opening papers rely on cases dealing with employment discrimination and Civil Code Section 52.1, none of which are germane here. *See* Dkt. No. 5 at 10-11. In their reply papers, defendants concede that these Section 51 and 54 claims are viable if based on a viable ADA claim, but argue that the claim still must be dismissed due for failure to exhaust administrative remedies for the ADA claim. Dkt. No. 14 at 6. Because the Court will not dismiss plaintiff's ADA claim based on exhaustion, defendants' challenge to the Civil Code claims fails as well.

### D. Negligence

Defendants have produced no on-point authority showing that plaintiff's negligence claim against the individual defendants is precluded by failure to meet presentment requirements. To the contrary, "[p]resentation of a claim against a public employee or former public employee for injury resulting from an act or omission in the scope of his public employment is not a prerequisite to the maintenance of an action against the employee, but presentation of a claim against the employing public entity is a prerequisite to bringing such an action." *Olden v. Hatchell*, 154 Cal. App. 3d 1032, 1034 (1984) (citing Cal. Gov't Code §§ 911.2, 945.4, 950, 950.2). Before filing suit, plaintiff was excused by the state court from the presentment requirements of California Government Code § 945.4. Dkt. No. 1-1, Exh. A ¶ 7, ECF 33-34. This is enough here because the employees were each sued in an "official capacity as an employee and agent of the District." Dkt. No. 1-1, Exh A ¶¶ 10-13. Although the state court order does not mention the individual defendants by name, defendants have provided no authority to suggest that the state court relief should not extend to all claims whose presentment requirements were subsumed in the state court's order. And defendants have not disputed that the late-filed claim letter sent by plaintiff, and rejected by the School District, covered all the incidents and defendants mentioned in the amended complaint.

### E. Government Code § 820.2 Immunity

The Court denies defendants' request to dismiss the amended complaint as a whole under California Government Code Section 820.2, which provides that "a public employee is not liable

6

for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." The California Supreme Court has explained that this immunity applies narrowly to "basic policy decisions" or "quasi-legislative policy making," not to "lower-level, or 'ministerial,' decisions that merely implement a basic policy already formulated." *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995) (internal quotations omitted). Accordingly, this section provides no basis for blanket immunization of all of the specific and individual actions undertaken in response to the bullying of plaintiff at the hands of another student. *See Jones v. Kern High Sch. Dist.*, No. CV-F-07-1628 OWW/TAG, 2008 WL 3850802, at *28 (E.D. Cal. Aug. 14, 2008) (denying blanket immunity for acts relating to "the direct and immediate supervision of school children"); *see also Martinez v. Cty. of Sonoma*, No. 15-CV-01953-JST, 2015 WL 5354071, at *10 (N.D. Cal. Sept. 14, 2015) (denying motion to dismiss based on Section 820.2 discretionary immunity because the immunity is narrow and "can generally not be resolved at a motion to dismiss").

### F. Punitive Damages

The parties agree that punitive damages are not available against the School District, which is immune under California Government Code § 818. For the individual defendants, the California Government Code appears to contemplate that punitive damages may be assessed against them even when "based on an act or omission of an employee or former employee acting within the course and scope of his or her employment as an employee of the public entity." Cal. Gov't Code § 825(b)(1) (describing circumstances under which the public entity may pay punitive damages assessed against an employee); *see Runyon v. Superior Court*, 187 Cal. App. 3d 878, 880-81 (1986) (finding liability of public employees to punitive damages without discussion of capacity they were sued under). Defendants' cited cases focus on punitive damages claims against public employees under federal law, and do not compel a different conclusion.

Under California Civil Code Section 3294, punitive damages are available only when the defendant has acted with "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Although plaintiff's general allegations that defendants' acts were "negligent, careless, reckless, and malicious" are not very factually detailed, *see* Dkt. No. 1-1, Exh. A ¶ 111, these allegations are

7

plausible in the context of the amended complaint, and Federal Rule of Civil Procedure 9(b) allows state of mind, including malice, to be "alleged generally." *See Ashcroft*, 556 U.S. at 686. Accordingly, the prayer for punitive damages will not be stricken at the pleadings stage. Defendants may return to this issue later in the case as the facts develop.

## CONCLUSION

The motion to dismiss is denied except for the Section 11135 claim, which is dismissed.

**IT IS SO ORDERED.**

Dated: May 12, 2016

JAMES DONATO
United States District Judge