UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. E. L.,<br><br>        Plaintiff,<br><br>        v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendants. | Case No. 15-cv-05095-JD<br><br>**ORDER APPROVING COMPROMISE OF MINOR'S CLAIMS** |

        This is a civil rights action arising out of the alleged physical and emotional harassment of J.E.L. by peers at James Lick Middle School. Dkt. No. 1. J.E.L. has been diagnosed with speech, developmental, and physical disabilities, and alleged that defendants were indifferent to his pervasive harassment, which culminated in a physical assault in which he was forced to eat liquid soap. Dkt. No. 56 at 2. As a minor, he proceeds with his mother as his guardian.

        The parties advised the Court that they have reached a settlement and jointly request that the Court approve the compromise of the minor's claim. Dkt. Nos. 56, 57. At the Court's direction, plaintiff submitted a supplemental memorandum providing additional background on the settlement. Dkt. No. 59.

        The Court has a "special duty" in this context to "conduct its own inquiry to determine whether the settlement serves the best interest of" the minor plaintiff. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quotation omitted). In making that inquiry, the Court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

In *Robidoux*, our circuit held that the Court should "focus[] on the net recovery of the minor plaintiffs under the proposed agreement," taking care to "limit the scope of [its] review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable . . . ." 638 F.3d at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel -- whose interests the district court has no special duty to safeguard." *Id*.

Here, the parties state that San Francisco Unified School District ("SFUSD") has agreed to pay $84,000 to resolve the matter, and to injunctive relief. Dkt. No. 59 at 2. J.E.L. will receive a net amount of $69,481.13, with the balance going to counsel for fees and costs. *Id.* For injunctive relief, SFUSD will send flyers against bullying students with disabilities to all staff and parents of James Lick Middle School, and will conduct a one-hour training session on bullying and disabled students. Dkt. No. 56 at 3-4. Plaintiff's counsel states that the monetary recovery is "at the high end of comparable settlements" involving peer-to-peer harassment claims. Dkt. No. 59 at 2. Information provided in the supplemental brief requested by the Court supports that conclusion. *Id.* at 2-6.

In light of these facts, the Court finds the proposed compromise of the minor's claim in this case to be "fair and reasonable, in light of the facts of the case, [plaintiff's] specific claim[s], and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. The settlement is approved.

**IT IS SO ORDERED.**

Dated: January 18, 2017

JAMES DONATO
United States District Judge

2